UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                          §
                                                §
SMITH, SHANITA                                  §       Case No. 11-10126
                                                §
                                                §
                        Debtor(s)               §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter     of the United States Bankruptcy Code was filed on
    .  The undersigned trustee was appointed on                    .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                    $

            Funds were disbursed in the following amounts:

            Payments made under an interim
            disbursement
            Administrative expenses
            Bank service fees
            Other payments to creditors
            Non-estate funds paid to 3rd Parties
            Exemptions paid to the debtor
            Other payments to the debtor

            Leaving a balance on hand of[1]                    $

    The remaining funds are available for distribution.

_____

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                    and the deadline for filing governmental claims was                    . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $                . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $            , for a total compensation of $        $^2$. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $      , and now requests reimbursement for expenses of $        , for total expenses of $        $^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Phillip D. Levey_____
                                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

$^2$ If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Page:   1

Exhibit A

Case No:       11-10126      JBS    Judge: JACK B. SCHMETTERER

Case Name:     SMITH, SHANITA

For Period Ending:  08/27/12

Trustee Name:                        Phillip D. Levey
Date Filed (f) or Converted (c):     03/11/11 (f)
341(a) Meeting Date:                 04/22/11
Claims Bar Date:                     10/18/11

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 8835 South Wabash Avenue Chicago, IL | Unknown | 0.00 | DA | 0.00 | FA |
| 2. Cash | 45.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 3. Checking Account | 50.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 4. Savings Account | 4.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 5. HOUSEHOLD FURNISHINGS | 6,500.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 6. WEARING APPAREL | 500.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 7. 2006 Pontiac G6-Repossessed 4/10 | 0.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 8. Fire Loss Insurance Claim | 190,000.00 | 0.00 | | 38,169.64 | FA |
| 9. Post-Petition Interest Deposits (u) | Unknown | N/A | | 1.59 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)            $197,099.00        $0.00                $38,171.23        $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 09/30/12      Current Projected Date of Final Report (TFR): 09/30/12

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 11-10126 -JBS |
| Case Name: | SMITH, SHANITA |

| Taxpayer ID No: | *******5279 |
| For Period Ending: | 08/27/12 |

| Trustee Name: | Phillip D. Levey |
| Bank Name: | BANK OF AMERICA |
| Account Number / CD #: | *******6189  Money Market Account (Interest Earn |

| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 02/22/12 | 8 | State Farm Fire and Casualty Company | SETTLEMENT | 1149-000 | 38,169.64 | | 38,169.64 |
| 02/29/12 | 9 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.01 | | 38,169.65 |
| 03/30/12 | 9 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.32 | | 38,169.97 |
| 03/30/12 | | BANK OF AMERICA | BANK SERVICE FEE | 2600-000 | | 46.93 | 38,123.04 |
| 04/30/12 | 9 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.31 | | 38,123.35 |
| 04/30/12 | | BANK OF AMERICA | BANK SERVICE FEE | 2600-000 | | 48.44 | 38,074.91 |
| 05/31/12 | 9 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.32 | | 38,075.23 |
| 05/31/12 | | BANK OF AMERICA | BANK SERVICE FEE | 2600-000 | | 48.37 | 38,026.86 |
| 06/29/12 | 9 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.31 | | 38,027.17 |
| 06/29/12 | | BANK OF AMERICA | BANK SERVICE FEE | 2600-000 | | 45.20 | 37,981.97 |
| 07/31/12 | 9 | BANK OF AMERICA | Interest Rate  0.010 | 1270-000 | 0.32 | | 37,982.29 |

|  | | | | |
|---|---|---|---|---|
| COLUMN TOTALS | | 38,171.23 | 188.94 | 37,982.29 |
| Less:  Bank Transfers/CD's | | 0.00 | 0.00 | |
| Subtotal | | 38,171.23 | 188.94 | |
| Less:  Payments to Debtors | | | 0.00 | |
| Net | | 38,171.23 | 188.94 | |

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Money Market Account (Interest Earn - *******6189 | 38,171.23 | 188.94 | 37,982.29 |
| | ---------------------- | ---------------------- | ---------------------- |
| | 38,171.23 | 188.94 | 37,982.29 |
| | ============= | ============= | ============= |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals                    38,171.23          188.94

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-10126
Case Name: SMITH, SHANITA
Trustee Name: Phillip D. Levey

Balance on hand                                               $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Trustee Expenses: Phillip D. Levey | $ | $ | $ |
| Attorney for Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Other: David Liebowitz | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses      $_____

Remaining Balance                                           $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $              have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | FIA CARD SERVICES, N.A. | $ | $ | $ |
| 000002 | Citibank N.A. | $ | $ | $ |
| 000003 | Northern II University | $ | $ | $ |
| 000004 | Capital Recovery III LLC | $ | $ | $ |
| 000005 | Sallie Mae | $ | $ | $ |
| 000006 | American InfoSource LP as agent for | $ | $ | $ |
| 000007 | American InfoSource LP as agent for | $ | $ | $ |
| 000008 | CVF Consumer Acqusition Co its successors and | $ | $ | $ |
| 000009 | CVF Consumer Acqusition Co its successors and | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance          $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE